The PEREGRINE CORPORATION

v.

PEREGRINE INDUSTRIES, INC.

and

Richard A. Voit.

Civ. A. No. 91–2557.

United States District Court,
E.D. Pennsylvania.

June 24, 1991.

Joseph W. Swain, Jr., Montgomery, McCracken, Walker, & Rhoads, Philadelphia, Pa. and Robert D. Katz, Cooper and Dunham, New York City, for plaintiff.

Kit M. Stetina, Robert D. Buyan, Bruce B. Brunda, Stetina and Brunda, Laguna Hills, Cal., and Roberta Jacobs–Meadway, Panitch Schwarze Jacobs & Nadel, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This is an action for trademark infringement and unfair competition. The same parties and the same issues are the subject of an earlier filed lawsuit in the Central District of California entitled *Peregrine Industries, Inc. v. The Peregrine Corporation,* Civil Action No. SA CV 91–21 GLT (RNRX). Plaintiff The Peregrine Corporation filed a motion to enjoin defendants Peregrine Industries, Inc. and Richard A. Voit from prosecuting the California action. In response, defendants filed a cross-motion to stay, dismiss, or transfer to the Central District of California.

On Tuesday, June 18, 1991, oral argument was heard on these motions. After the completion of oral argument, I granted defendants' motion to stay, dismiss, or transfer to the Central District of California and denied plaintiff's motion to enjoin prosecution of the California action. I write now to explain my reasons.

## I.

Plaintiff The Peregrine Corporation ("TPC") was incorporated under the laws of New Jersey on December 31, 1985. Plaintiff is in the business of providing training and consulting services in the use of firearms to police departments, security agencies, and members of the general public throughout the United States under the trade name "The Peregrine Corporation" and has continually used its service mark and trademark "Peregrine", as well as its "Peregrine Falcon" logo. Presently, plaintiff's principal place of business is Mertztown, Pennsylvania.

Defendant Peregrine Industries, Inc. ("PII") is a California corporation which maintains its only corporate office and only physical plant in Huntington Beach, California. Defendant PII adopted the tradename "Peregrine Industries, Inc." in 1989 and, since that time, has been involved in presale engineering and development of a semi-automatic handgun product to be marketed under the trademark "Falcon." A limited introductory collectors edition of the handgun is to be designated the "Phoenix." Defendant Richard Voit is the President of PII.

PII has not yet sold a single product and has engaged in only limited presale promotional activities. In September of 1990, PII sent out a two-page press release announcing that it was a new firearms manufacturer. In March of 1991, PII mailed an introductory letter to specially selected gun enthusiasts to whom PII wished to extend offers to place reservations for subsequent purchases of a limited collectors edition of the Falcon pistol, designated the "Phoenix pistol." Later in March of 1991, an introductory product catalog for PII's Falcon 10mm semi-automatic handgun appeared in the March 1991 edition of *American Firearms Industry*, a trade publication which is circulated to firearms manufacturers and retailers throughout the United States. Both of the promotional pieces in March of 1991 were circulated throughout the United States.

Plaintiff, through its Chicago counsel, first notified PII of its alleged claim of common law trademark infringement in a letter to PII dated July 5, 1990. The management of PII referred the letter to its counsel who thereafter engaged in communications with plaintiff and its counsel in an effort to understand the factual basis for plaintiff's claims and in an attempt to amicably resolve the matter.

In early January 1991, after six months of fruitless settlement negotiations, plaintiff's Chicago counsel sent another letter to PII threatening immediate litigation. At that point and after determining that plaintiff was properly subject to jurisdiction and venue in the Central District of California, PII filed a complaint for declaratory judgment against plaintiff on January 15, 1991.

During an April 18, 1991, telephone conversation with plaintiff's New York counsel, it became apparent to PII's counsel that litigation remained imminent and that a reasonable settlement was unlikely. Therefore, on the afternoon of Thursday, April 18, 1991, PII's counsel transmitted to plaintiff's New York counsel by facsimile a letter informing plaintiff that PII had previously filed the California complaint which would be served upon plaintiff. That letter further inquired as to whether plaintiff's New York counsel was authorized to accept service of process on behalf of his client.

On April 19, 1991, the day after receiving a copy of the letter dated April 18, 1991, plaintiff's New York counsel filed the complaint in this action in the United States District Court for the Eastern District of Pennsylvania. After the Pennsylvania complaint was filed, it was quickly dispatched along with a summons to a California process server for immediate service upon PII. On Tuesday, April 23, 1991, the Pennsylvania complaint and summons were served upon Mr. Voit.

Also on Tuesday, April 23, 1991, plaintiff's New York counsel responded to PII's letter dated April 18, 1991, informing PII's counsel that he was not authorized to accept service of process. On Wednesday, April 24, 1991, the complaint and summons in the California action were served upon plaintiff at its principal place of business. In addition, on April 23, 1991, PII mailed a

duplicate service of process to plaintiff's statutory agent for service by United States Postal Service Express Mail.

## II.

In its motion to stay, dismiss, or transfer to the Central District of California, defendants contend that, because its action was the first to be filed, this court should refrain from assuming jurisdiction over the action and should permit the litigation to proceed in the California action. Plaintiff, on the other hand, contends that this action should proceed and that the California action should be enjoined because defendants in this action were served before the defendant in the California action. In addition, plaintiff argues that, at the time the complaint for declaratory judgment was filed in California, there was no justiciable controversy and, thus, that the complaint was prematurely filed.

The United States Supreme Court first established what has come to be known as the "first-filed rule" in *Smith v. McIver*, 22 U.S. (9 Wheat) 532, 6 L.Ed. 152 (1824), in which the Court stated:

[I]n all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it.

*Id.* at 535. Then in 1941, the Third Circuit Court of Appeals in *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3d Cir.1941), borrowed this quote and clarified the rule by speaking explicitly to federal concurrent jurisdiction. In *Crosley*, the court stated:

It was long ago laid down by Chief Justice Marshall as a salutary rule that "In all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it." It is of obvious importance to all litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals. No party has a vested right to have his cause tried by one judge rather than by another of equal jurisdiction.... The party who first brings a controversy into a court of competent jurisdiction for adjudication should, as far as our dual

system permits, be free from the vexation of subsequent litigation over the same subject matter. The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. In view of the constant increase in judicial business in the federal courts and the continual necessity of adding to the number of judges, at the expense of the taxpayers, public policy requires us to seek actively to avoid the waste of judicial time and energy.

*Id.* at 929–30 (citations omitted).

Prior to the decision in *EEOC v. University of Pennsylvania*, 850 F.2d 969 (3d Cir.1988), the Third Circuit Court of Appeals had never specifically referred to the rule as the "first-filed rule." Instead, the Third Circuit had referred to the rule in terms of which court "first had possession of the subject" and the court "first obtaining jurisdiction of the parties and the issues." As a result, in *National Patent Development Corp. v. American Hospital Supply Corp.*, 616 F.Supp. 114 (S.D.N.Y.1984), the court noted that, in the Third Circuit, it appeared that jurisdiction over the person rather than the filing of the complaint was controlling for purposes of determining the priority of two lawsuits involving the same parties and the same issues. *Id.* at 118 n. 7.

However, in *EEOC v. University of Pennsylvania*, the Third Circuit Court of Appeals for the first time specifically referred to the rule as the "first-filed rule." The issue before the court in *EEOC* was whether the district judge abused his discretion by refusing to dismiss the second-filed suit in favor of the first-filed suit. In determining which was the first-filed suit, the court looked only to the dates that the complaints in the two lawsuits were filed. In fact, the court never even mentioned the dates of service of process. Although the court decided that the district judge did not abuse his discretion in refusing to dismiss the second-filed suit, the court emphasized:

[I]nvocation of the rule will usually be the norm, not the exception. Courts

must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule. *Id.* at 979.

■ Although the Third Circuit Court of Appeals has never specifically addressed the significance, if any, of the dates of service of process with respect to determining the priority as between two lawsuits dealing with the same parties and the same issues,[1] in light of the decision in *EEOC*, two things are clear: (1) the Third Circuit has embraced the first-filed rule, and (2) the first-filed rule, as its name indicates, is premised upon a priority of *filing* the complaint—not upon a priority of *serving* the complaint. Therefore, in the present case, the California action filed on January 15, 1991 is the first-filed.

At oral argument, plaintiff made four arguments why this court should depart from the the first-filed rule. First, plaintiff argued that the California court does not have personal jurisdiction over it and that venue is not proper in the Central District of California. It appears from the declaration of Emanuel Kapelsohn, President of TPC, that the California court does have personal jurisdiction over plaintiff because plaintiff does business in California. In paragraph 4 of his declaration, Mr. Kapelsohn admits that one of his customers is the police department of the City of Burbank in California. Burbank is located in the Central District of California.

Because the California action is an action for declaratory judgment, section 1391(a) of Title 28 of the United States Code applies for the purpose of determining whether venue is proper in the Central District of California. Section 1391(a) provides:

> A civil action wherein jurisdiction is founded on diversity of citizenship may, except as otherwise provided by law, be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced.

28 U.S.C. § 1391(a). Section 1391(c) provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c).

■ Under either of the three alternative bases set forth in section 1391(a), ven-

---

1. In *American Modern Home Ins. v. Insured Accounts Co.*, 704 F.Supp. 128 (S.D.Ohio 1988), plaintiffs argued that the fact that they served their adversaries on May 4, 1988 while the plaintiffs in the first-filed action pending in Missouri perfected service on June 24, 1988 should *weigh in favor of abandoning the first-filed rule.* The court in addressing that argument stated:

> This issue was squarely addressed by the United States Court of Appeals for the Sixth Circuit in *Barber–Greene Co. v. Blaw–Knox Co.*, 239 F.2d 774 (6th Cir.1957). In an opinion by then Circuit Judge Potter Stewart, the Court held that because an action is commenced upon filing per Fed.R.Civ.P. 3, the first commenced action should receive preference over a later commenced action for which service of process was more swiftly achieved.
>
> Admittedly, the *Barber–Greene* litigants were governed by a different Rule 4, which then placed responsibility for service of process upon the federal marshal. Today, parties bear the responsibility themselves to serve each other. This change, however, does not bear upon the reasoning behind the first to file rule, and does not provide a basis to distinguish the ruling of *Barber–Greene....* The basic reasoning of *Barber–Greene* remains sound and controlling *as the filing of a suit is still a far better touchstone for determining chronological preference of cases. Id.* at 130 (emphasis added).

ue appears to be proper in the Central District of California. Pursuant to the second basis for venue, there can be no doubt that a substantial part of the events giving rise to the claim of trademark infringement occurred in the Central District of California. Because the first and third bases for venue are grounded upon personal jurisdiction, the district court in the Central District of California is proper for venue purposes as long as it has personal jurisdiction over TPC. As stated earlier, based upon the record before this court, it appears that the district court in the Central District of California has personal jurisdiction over TPC. However, if personal jurisdiction over TPC becomes an issue in the California action, then that issue should be decided by the district court in the Central District of California, *not* by this court.[2]

■ Second, TPC contended that, on January 15, 1991 when the complaint was filed in California, no justiciable controversy existed and, therefore, that the complaint was filed prematurely. This argument has no merit. First, in September of 1990, PII sent out a two-page press release announcing that it was a new firearms manufacturer. Second, in a letter dated January 2, 1991 to PII, TPC's Chicago counsel stated:

> [N]ot only is your use of our client's mark likely to cause confusion and mistake, and to deceive, *it has actually done so and continues to do so.* Since the time of Mr. Kapelsohn's letter and telephone conversation with you, he and Peregrine have received numerous inquiries, and continue to receive them, both from longstanding clients and customers and from previously unknown individuals, concerning the Bren Ten pistol that you marketing as "The Peregrine Falcone" and our client Peregrine's connection with it.

*See* Exhibit 4 of Plaintiff's Motion for Preliminary Injunction Pursuant to Rule 65 of the Federal Rules of Civil Procedure (emphasis added). Therefore, because plaintiff admitted that actual confusion existed as of January 5, 1991, it cannot now be heard to argue that actual confusion did not yet exist as of January 15, 1991 and, thus, that no justiciable controversy existed when the complaint was filed.

■ Third, plaintiff maintained that PII acted in bad faith by waiting until April 24, 1991 to serve the complaint filed on January 15, 1991. PII served the complaint within 120 days after it was filed, as required by Rule 4(j) of the Federal Rules of Civil Procedure. At oral argument, PII stated that the reason that it did not serve the complaint immediately after its filing was because settlement negotiations were still proceeding between the parties and that, sometime after the complaint was filed in January, TPC's New York counsel got involved in the controversy between TPC and PII. Based upon the record before this court, I cannot say that PII acted in bad faith in not serving the complaint soon after it was filed. PII did not violate any rule of procedure by waiting until April 24, 1991 to serve the complaint. In addition, filing the complaint in January and waiting to serve it until April may have been a tactical decision on the part of PII's counsel. Attorneys make tactical decisions with respect to how to proceed with cases everyday, and I cannot conclude, without more, that a tactical decision with respect to when to file and serve a complaint amounts to bad faith. Moreover, even if PII had served the complaint on TPC immediately or soon after it was filed, PII's California action still would have been the first-filed lawsuit. Hence, it is difficult to understand how TPC was prejudiced by PII's waiting to serve the complaint until April 24, 1991.

Finally, TPC argues that the California action should be enjoined because this action, the second-filed action, has developed

---

**2.** Although TPC argues that the court in California does not have personal jurisdiction over it and that venue is improper, TPC filed its answer to the complaint in the California action, rather than filing a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue. I note that, in its answer under a section entitled "Affirmative Defenses," TPC asserts lack of personal jurisdiction and improper venue. However, the issue of whether there is personal jurisdiction and proper venue is not currently before the court in California by way of a motion.

**174**

further than the first-filed action. This argument is also without merit. The only things that have taken place in the present action is one telephone conference, one hearing, and the disposition of two pending motions pertaining to jurisdictional issues. In the first-filed action, TPC has already filed an answer, whereas in this action, PII never filed an answer. The work that the parties have done in preparing and responding to TPC's motions for a temporary restraining order and for a preliminary injunction will not be wasted because they will be transferred to the first-filed action in the Central District of California.

After considering the motions, responses, and supporting memoranda, as well as the parties' oral arguments, I am not persuaded to abandon the general rule that, when there are two lawsuits involving the same parties and the same issues pending in two different courts, the first-filed action takes priority over the second-filed action and should proceed with the litigation. Although I do have discretion to depart from the first-filed rule, I can only do so when I am presented with exceptional circumstances. *EEOC v. University of Pennsylvania,* 850 F.2d 969, 979 (3d Cir.1988). I do *not* find any exceptional circumstances in the present case and, thus, shall invoke the first-filed rule and transfer this action to the Central District of California to be consolidated with *Peregrine Industries, Inc. v. The Peregrine Corporation,* Civil Action No. SA CV 91–21 GLT (RNRX).