**KEATING FIBRE INTERNATIONAL, INC.**

v.

**WEYERHAEUSER COMPANY, INC.**

No. Civ.A. 05CV6418.

United States District Court, E.D. Pennsylvania.

Feb. 28, 2006.

---

Margaret Sherry Lurio, Lurio & Assoc., P.C., Philadelphia, PA, for Keating Fibre International, Inc.

David R. Goodnight, Maren R. Norton, Stoel Rives LLP, Seattle, WA, Joseph Coleman Monahan, Saul Ewing LLP, Philadelphia, PA, for Weyerhaeuser Company, Inc.

## MEMORANDUM & ORDER

SURRICK, District Judge.

Presently before the Court is Defendant Weyerhaeuser Company, Inc.'s Motion To Dismiss (Doc. No. 4) and Plaintiff Keating Fibre International, Inc.'s Response thereto (Doc. No. 7). For the following reasons, we will transfer this case to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

## I. BACKGROUND

Plaintiff Keating Fibre International, Inc. ("Keating") and Defendant Weyerhaeuser Company, Inc. ("Weyerhaeuser") had a long-standing relationship in which Keating served as Weyerhaeuser's agent selling Weyerhaeuser prime linerboard in Mexico. (Doc. No. 4 at 2; Doc. No. 7 at 2.) In September 2000, the two companies met in Federal Way, Washington to discuss their relationship, the sales plan, and the marketing strategy. (Doc No. 4 at 2.) They subsequently met in Washington on

at least three other occasions to discuss the ongoing relationship and any problems that had arisen. (*Id.*) The relationship was not reduced to writing but existed as an oral agreement. (*Id.*)

After difficulties arose between Keating and Weyerhaeuser, a meeting was arranged in New York in April 2005 between executives of each company. (*Id.* at 5.) At that meeting, Weyerhaeuser gave Keating an official termination letter, which stated that the termination would be effective either when Keating was able to find a replacement supplier or on October 15, 2005, whichever came first. (*Id.*) In August 2005, Weyerhaeuser sent another letter officially terminating the relationship because, it alleges, it was informed that Keating had found a new supplier. (*Id.*) Keating denies this, contending that it informed Weyerhaeuser that it was unable to find a replacement supplier and that it intended to file suit if the parties could not amicably resolve their problems. (Doc. No. 7 at 2–3.)

On November 29, 2005, Carl Bohm of Weyerhaeuser and Frank Keating of Keating met at Keating's offices in Pennsylvania to discuss the problem. (*Id.* at 4.) While the parties suggest differing characterizations of the discussions that occurred at this meeting, both parties agree that after Keating advised Bohm of the basis on which the dispute could be resolved, he indicated that should the parties fail to resolve the dispute, Keating intended to sue.[1] (*Id.*; Doc. No. 4 at 6.) On November 30, 2005, Weyerhaeuser filed a declaratory action in the United States District Court for the Western District of Washington in which it sought a determination of the legal rights of the parties under the oral agency agreement. (*Id.* at 7; Compl., 05–

CV–1986 (W.D.Wash.).) In particular, Weyerhaeuser's action seeks a declaration of its right under the agreement to terminate the relationship. (*Id.*) On December 13, 2005, Keating filed suit against Weyerhaeuser in this Court asserting the following claims: breach of contract (Count I), promissory estoppel (Count II), unjust enrichment (Count III), breach of implied duty of good faith and fair dealing (Count IV), fraud (Count V), breach of fiduciary duty (Count VI), and intentional interference with contractual relations (Count VII) and seeking injunctive relief, monetary damages, punitive damages, and attorneys' fees and costs. (Doc. No. 1 at ¶¶ 59–124.) All of Keating's claims arise out of the oral agency agreement with Weyerhaeuser.

Defendant Weyerhaeuser filed the instant Motion to Dismiss based on the "first-to-file" rule, arguing that because its declaratory judgment action in the Western District of Washington was filed first, Keating's action in this Court should be dismissed without prejudice and with leave for Keating to bring its claims as compulsory counterclaims in the Washington litigation. Plaintiff Keating, on the other hand, argues that the "first-to-file" rule should not apply in this case because Weyerhaeuser acted in bad faith when it filed its declaratory judgement action on November 30, 2005 and because it filed in Washington for the sole purpose of forum shopping.

## II. LEGAL STANDARD

 While Weyerhaeuser filed the instant Motion as a Motion to Dismiss, we have concluded that a transfer of this action to the Western District of Washington is the appropriate course. The standard

---

**1.** Keating suggests that it "presented its demands for settlement" at the November 29th meeting. (Doc. No. 7 at 4.) Weyerhaeuser suggests that Keating "outlined a litany of outrageous demands." (Doc. No. 4 at 6.)

on which we rely is 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In considering a transfer under § 1404(a), the following three factors must be considered: "(1) Is the transferee district one where the suit might have been brought? (2) Does the balance of conveniences weigh in favor of transfer? (3) Do the public interests involved weigh in favor of transfer?" *IMS Health, Inc. v. Vality Tech. Inc.,* 59 F.Supp.2d 454, 468 (E.D.Pa.1999) (internal citations omitted). Although no party has requested it, we may consider transfer of venue under § 1404(a) sua sponte. *Bank Express Int'l v. Kang,* 265 F.Supp.2d 497, 508 n. 12 (E.D.Pa.2003).

## III. LEGAL ANALYSIS

### A. "First–to–File" Rule

■ The "first-to-file" rule, which was originally articulated by the Supreme Court in 1824, states that "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it." *Smith v. McIver,* 22 U.S. (9 Wheat.) 532, 535, 6 L.Ed. 152 (1824). The Third Circuit formally adopted this rule in *Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925, 929 (3d Cir.1941), adding that "[t]he party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter." *Id.* at 930. It is well settled that absent special circumstances, this rule can be used by courts to stay, enjoin, or transfer a later-filed action. *FMC Corp. v. AMVAC Chem. Corp.,* 379 F.Supp.2d 733, 737–38 (E.D.Pa.2005) (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S.

180, 72 S.Ct. 219, 96 L.Ed. 200 (1952) (affirming a Third Circuit Court of Appeals decision to stay second-filed action in favor of earlier-filed action); *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.,* 130 F.2d 474, 475 (3d Cir.1942) (reversing district court decision not to enjoin second-filed suit); *Hazeltine,* 122 F.2d at 929–30 (ordering district court to enjoin second-filed patent infringement action in favor of first-filed declaratory judgment action); *Triangle Conduit & Cable Co. v. Nat'l Elec. Prods. Corp.,* 125 F.2d 1008 (3d Cir.1942) (reversing district court decision not to enjoin second-filed suit); *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622 (9th Cir.1991) (affirming applicability of first-to-file rule and staying second-filed action); *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834 (9th Cir.1986) (affirming decision to stay second filed action)).

■ While the "first-to-file" rule is well-established, there are a number of circumstances in which courts may depart from the rule. Such circumstances include bad faith on the part of the party who filed suit first, forum shopping by that party, inequitable conduct which defeats the purpose of the rule, and when the second filed action "has developed more rapidly than the first." *One World Botanicals, Ltd. v. Gulf Coast Nutritionals, Inc.,* 987 F.Supp. 317, 328 (D.N.J.1997); *see also FMC Corp.,* 379 F.Supp.2d at 738 (citing *EEOC v. Univ. of Pa.,* 850 F.2d 969, 972 (3d Cir.1988)).

■ Weyerhaeuser, based on the "first-to-file" rule, argues that because its declaratory judgment action was filed first in the Western District of Washington, we should dismiss Keating's later filed action, and permit Keating to bring its claims as compulsory counterclaims in the declaratory judgment action. Keating argues that special circumstances exist here to require us to depart from the "first-to-file" rule. Specifically, Keating contends that Weyer-

haeuser acted in bad faith by filing its declaratory judgment action one day after Keating threatened to sue and that the filing of suit in Washington was motivated solely by improper forum-shopping considerations.

While we agree that we have the power to depart from the "first-to-file" rule in cases of bad faith, forum shopping, or inequitable conduct, we find that those circumstances are not present in this case. *See Peregrine Corp. v. Peregrine Indus., Inc.,* 769 F.Supp. 169, 174 (E.D.Pa.1991). The cases to which Keating points in arguing that Weyerhaeuser acted in bad faith are all easily distinguished from the instant case. Courts in this circuit have found evidence of bad faith when the parties are involved in settlement negotiations, one party lays out a deadline by which they will initiate litigation should settlement not be reached, and just prior to that deadline, the other party preemptively files a declaratory judgment action. *See, e.g., EEOC,* 850 F.2d at 977; *FMC Corp.,* 379 F.Supp.2d at 744; *Drugstore-Direct, Inc. v. Cartier Div.,* 350 F.Supp.2d 620, 623 (E.D.Pa.2004); *One World Botanicals,* 987 F.Supp. at 329. In this case, while Weyerhaeuser and Keating were engaged in discussions and while Keating did suggest that it would resort to legal action should the parties not reach an amicable resolution, there was no deadline set for such action. *See IMS Health, Inc. v. Vality Tech. Inc.,* 59 F.Supp.2d 454, 464 (E.D.Pa.1999) (distinguishing *EEOC* in which a deadline was set from a case in which "litigation was in the air" and declining to find bad faith in the latter). Moreover, Weyerhaeuser's filing of its declaratory judgment action is not itself evidence of bad faith. As the court in *IMS Health* made clear:

> The purpose of the Declaratory Judgment Act is to enable a person caught in controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist. In many cases, the declaratory defendant is prepared to, and does, file its own affirmative suit shortly afterwards. Therefore, a district court cannot dismiss a proper declaratory action merely because affirmative infringement litigation is subsequently brought elsewhere.

*IMS Health,* 59 F.Supp.2d at 463 (internal citations omitted). While it is true that bad faith may be found where evidence is presented that the declaratory judgment action was filed "in anticipation of impending litigation and motivated *solely* by considerations of forum shopping," such is not the case here. *Id.* There is no indication that the Western District of Washington would, by virtue of practice or the precedent, be a more hospitable forum for Weyerhaeuser than the Eastern District of Pennsylvania. *Cf. EEOC,* 850 F.2d at 978 (finding forum-shopping concerns based on the university's desire to avoid unfavorable Third Circuit precedent). In addition, Weyerhaeuser is a corporation headquartered in Washington and has alleged that most of its witnesses and evidence are located there. This provides legitimate reasons for its filing in that district. (Doc. No. 4 at 7; *see IMS Health,* 59 F.Supp.2d at 464.) Accordingly, we conclude that neither bad faith nor forum shopping were the sole motivations behind Weyerhaeuser's declaratory judgment action in Washington. Finally, the case in our Court has not progressed more rapidly than the action in Washington, eliminating any circumstance that would militate in favor of departing from the "first-to-file" rule. We are satisfied that the "first-to-file" rule should be applied here.

**B. Transfer Pursuant to § 1404(a)**

In applying the "first-to-file" rule, courts have the option to dismiss, stay, or

transfer the later filed action. *See FMC Corp.*, 379 F.Supp.2d at 737; *see also Peregrine Corp.*, 769 F.Supp. at 174 (transferring action based on "first-to-file" rule). In order to transfer, pursuant to 28 U.S.C. § 1404(a), we must determine whether the case was properly brought in this Court and whether it could have been brought in the Western District of Washington. In addition, we consider whether the balance of conveniences and the public interest weigh in favor of transfer. We conclude that they do.

■ It is clear that Keating's action was properly brought in the Eastern District of Pennsylvania from the perspective of personal jurisdiction and venue. 28 U.S.C. § 1391(a) provides that venue is proper in a diversity action in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). In addition, § 1391(c) provides that "under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(c). Keating is a Delaware corporation with its principal place of business in Pennsylvania. (Doc. No. 1 ¶ 1.) Weyerhaeuser is a Washington corporation but is alleged to have "at least seven business locations in Pennsylvania." (Doc. No. 3 at 2, 05–CV–1986 (W.D.Wash.).) In addition, the meeting at which Weyerhaeuser advised that it was going to terminate its

relationship with Keating occurred in Pennsylvania. It is apparent that this Court has personal jurisdiction over Weyerhaeuser and venue is proper here. *See Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) ("[M]inimum contacts must have a basis 'in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

■ However, it also appears that this action could have been brought in Washington. The District Court for the Western District of Washington issued an opinion on February 21, 2006, in the declaratory judgement matter denying Keating's Motion to Dismiss, and finding that the exercise of personal jurisdiction over Keating is both proper and reasonable in the Western District of Washington. (Doc. No. 19 at 9, 05–CV–1986 (W.D.Wash.).) We agree with that well-reasoned opinion and are satisfied that with respect to the action before us, both personal jurisdiction and venue are proper in the Western District of Washington as well. This action clearly could have been brought in either court. Moreover, we find that the balance of conveniences and public interest weigh in favor of transfer. The purpose of the "first-to-file" rule is to "encourage[ ] sound judicial administration and promote[ ] comity among federal courts of equal rank." *FMC Corp.*, 379 F.Supp.2d at 738. Transfer will accomplish this.

We further conclude that the claims brought by Keating in this Court are more properly brought as compulsory counterclaims in the declaratory judgment action initiated by Weyerhaeuser in Washington.

Fed R. Civ. P. 13(a); *see also Gator.Com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1138 (9th Cir.2005); *Good Lad Co. v. B & W Assoc.*, No. Civ. A. 98–6612, 1999 WL 79662, at *2 (E.D.Pa. Feb. 5, 1999); *cf. Measurements Corp. v. Ferris Instrument Corp.*, 159 F.2d 590, 594 (3d Cir.1947) (when counterclaims relate to a separate patent, they are not compulsory counterclaims under Rule 13(a)). Federal Rule of Civil Procedure 13(a) provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if ... at the time the action was commenced the claim was the subject of another pending action.

Fed.R.Civ.P. 13(a). A review of Keating's claims in the instant action reveals that they most certainly all arise out of the same transaction or occurrence that is the subject matter of Weyerhaeuser's declaratory judgment action. The claims in both actions all arise out of the same oral agency agreement. Weyerhaeuser's declaratory judgment action seeks to clarify its right to terminate that agreement while Keating's claims are based on its argument that termination and Weyerhaeuser's related actions constituted breach of contract, breach of fiduciary duty, breach of duty of good faith and fair dealing, unjust enrichment, promissory estoppel, and intentional interference with contractual relations. Finally, while these claims are now the basis of this action, when Weyerhaeuser initially filed its declaratory action, Keating had not yet raised these claims in any court. Accordingly, we will transfer this action to the Western District of Washington to be raised as compulsory counterclaims in Civil Action No. 05–CV–1986 (W.D.Wash.).

An appropriate Order follows.

## ·ORDER

AND NOW, this 28th day of February, 2006, upon consideration of Defendant Weyerhaeuser Company, Inc.'s Motion To Dismiss (Doc. No. 4) and Plaintiff Keating Fibre International, Inc.'s Response thereto (Doc. No. 7), IT IS ORDERED that the Clerk of Court shall TRANSFER this action to the United States District Court for the Western District of Washington.

IT IS SO ORDERED.